1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   TIMOTHY WATTS,

11            Plaintiff,                No. CIV S 05-1844 MCE EFB P

12        vs.

13   JEANNE WOODFORD, et al.,

14            Defendants.               <u>ORDER</u>

15   _____/

16        Plaintiff is a state prisoner without counsel prosecuting a civil rights action.  *See* 42

17   U.S.C. § 1983.  On June 2, 2006, the court dismissed plaintiff's complaint with leave to amend.

18   On August 15, 2006, plaintiff filed a first-amended complaint.

19        The court has reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915A and finds,

20   for purposes of this initial screening, that the allegations assert a cognizable claim against Scott

21   Kernan for alleged violations of Title II of the Americans with Disabilities Act (ADA) against

22   defendants R. Mandeville, J. Mayfield, M. Lea and D. Botello pursuant to 42 U.S.C. 1983.

23        As noted below, the court finds plaintiff fails to state a cognizable claim against

24   defendant Jeanne Woodford.

25        Plaintiff may proceed forthwith to serve defendants Scott Kernan, R. Mandeville, J.

26   Mayfield, M. Lea and D. Botello and pursue his claims against only those defendants or he may

delay serving any defendant and attempt to state a cognizable claim against defendant Jeanne Woodford.

If plaintiff elects to attempt to amend his complaint to state a cognizable claim against defendant Jeanne Woodford, he has 30 days so to do.  He is not obligated to amend his complaint.

If plaintiff elects to proceed forthwith against defendants Scott Kernan, R. Mandeville, J. Mayfield, M. Lea and D. Botello, against whom he has stated cognizable claims for relief, then within 20 days he must return materials for service of process enclosed herewith.  In this event the court will construe plaintiff's election as consent to dismissal of all claims against defendant Jeanne Woodford without prejudice.

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place and plaintiff is entitled to relief if plaintiff's allegations are true.  It must contain a request for particular relief.  Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).  If plaintiff contends he was the victim of a conspiracy, he must identify the participants and allege their agreement to deprive him of a specific federal constitutional right.

In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed. R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity.  *See Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P.

84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).

Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

Plaintiff must eliminate from his pleading all preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like. *McHenry v. Renne*, 84 F.3d 1172 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); *see Crawford-El v. Britton*, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in prisoner cases).

To state a claim under 42 U.S.C. § 1983, plaintiff must allege an identified defendant deprived plaintiff of a right secured to him by the Constitution or laws of the United States while acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48-49 (1988).  A supervisor is liable for constitutional violations of his subordinates if he participated in or directed the violations, or knew of the violations and failed to act to prevent them, *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989), or if he implemented a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation, *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir.1989).

Plaintiff's allegation that defendant Woodford promulgated a regulation, neutral on its face, that governs whether prisoners must share a cell fails to state a claim.

The court (and defendant) should be able to read and understand plaintiff's pleading within minutes. *McHenry, supra*.  A long, rambling pleading including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury, or joining a series of unrelated claims against many defendants, very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to Fed. R. Civ.

P. 41 for violation of these instructions.

If plaintiff's pleading is deficient on account of an omission or technical defect, the court will not dismiss it without first identifying the problem and giving plaintiff an opportunity to cure it. *Noll v. Carlson*, 809 F.2d 1446 (9th Cir. 1986). Plaintiff's pleading will be construed "liberally" to determine if plaintiff has a claim but it will be dismissed if plaintiff violates the federal rules, once explained, or the court's plain orders.

An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 15-220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading is superseded.

By signing a second-amended complaint plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations and that for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

A prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him. 42 U.S.C. § 1997e(a). The requirement is mandatory. *Booth v. Churner*, 532 U.S. 731, 741 (2001). A California prisoner or parolee may appeal "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." 15 California Administrative Code §§ 3084.1, *et seq.* An appeal must be presented on a CDC form 602 that asks simply that the prisoner "describe the problem" and "action requested." Therefore, this court ordinarily will review only claims against prison officials within the scope of the problem reported in a CDC form 602 or an interview or claims that were or should have been uncovered in the review promised by the department. Plaintiff is further admonished that by signing an amended complaint he certifies his claims are warranted by existing law, including the law that he exhaust administrative remedies, and that for violation of this rule plaintiff risks dismissal of his entire action, including his claims against defendants Scott Kernan, R. Mandeville, J. Mayfield, M. Lea and D. Botello.

////

1         Accordingly, the court hereby ORDERS that:

2         1.   Claims against defendant Jeanne Woodford are dismissed with leave to amend.

3 Within 30 days of service of this order, plaintiff may amend his complaint to attempt to state

4 cognizable claims against this defendant.  Plaintiff is not obliged to amend his complaint.

5         2.   The allegations in the pleading are sufficient at least to state cognizable claims against

6 Scott Kernan for violating Title II of the Americans with Disabilities Act (ADA) and defendants

7 R. Mandeville, J. Mayfield, M. Lea and D. Botello pursuant to 42 U.S.C. 1983.  *See* 28 U.S.C. §

8 1915A.  With this order the Clerk of the Court shall provide to plaintiff a blank summons, a copy

9 of the pleading and motion for a preliminary injunction filed August 15, 2006, five USM-285

10 forms and instructions for service of process on defendants Scott Kernan, R. Mandeville, J.

11 Mayfield, M. Lea and D. Botello.  Within 20 days of service of this order plaintiff may return the

12 attached Notice of Submission of Documents with the completed summons, the completed

13 USM-285 forms, and six copies of the endorsed August 15, 2006, complaint and motion for a

14 preliminary injunction.  The court will transmit them to the United States Marshal for service of

15 process pursuant to Fed. R. Civ. P. 4.  Defendants Scott Kernan, R. Mandeville, J. Mayfield, M.

16 Lea and D. Botello will be required to respond to plaintiff's allegations within the deadlines

17 stated in Fed. R. Civ. P. 12(a)(1).  In this event, the court will construe plaintiff's election to

18 proceed forthwith as consent to an order dismissing his defective claims against defendant

19 Jeanne Woodford without prejudice.

20 Dated: September 5, 2006.

21

22                                    EDMUND F. BRENNAN

\watt1844. svc some defs dsms others        UNITED STATES MAGISTRATE JUDGE

23

24

25

26

1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   TIMOTHY WATTS,

11              Plaintiff,                         No. CIV S-1844 MCE EFB P

12        vs.

13   JEANNE WOODFORD, et al.,

14              Defendants.                        Notice of Submission of Documents

15   _____/

16        Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

17              __1__            completed summons form

18              __5__            completed forms USM-285

19              __6__            copies of the _____August 15, 2006_____
                                 First Amended Complaint &
20                               Motion for a Preliminary Injunction

21   Dated:

22                                          _____
                                                          Plaintiff
23

     \watt1844.notic of submit docs
24

25

26