1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10    TIMOTHY WATTS,

11              Plaintiff,              No. CIV S-05-1844 MCE EFB P

12        vs.

13    JEANNE WOODFORD, et al.,          ORDER AND ORDER DIRECTING SERVICE
                                        BY THE UNITED STATES MARSHAL
14              Defendants.             WITHOUT PREPAYMENT OF COSTS

15    _____/

16        Plaintiff is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915.  By order filed

17    September 6, 2006, the court determined that plaintiff's amended complaint states a cognizable

18    claim for relief against defendants Kernan, Mandeville, Mayfield, Lea and Botello and ordered

19    plaintiff to provide information for service of process on form USM-285, a completed summons,

20    sufficient copies of the amended complaint for service, copies of the August 15, 2006 motion for

21    preliminary injunction and a notice of compliance.  Plaintiff has filed the required papers.

22        Accordingly, IT IS HEREBY ORDERED that:

23        1.  The Clerk of the Court is directed to forward the instructions for service of process,

24    the completed summons, copies of the August 15, 2006 amended complaint, copies of the

25    August 15, 2006 motion for preliminary injunction and copies of this order to the United States

26    Marshal.

1

2.  Within 10 days from the date of this order, the United States Marshal is directed to notify defendants Kernan, Mandeville, Mayfield, Lea and Botello of the commencement of this action and to request a waiver of service of summons in accordance with the provisions of Fed. R. Civ. P. 4(d) and 28 U.S.C. § 566(c).

3.  The United States Marshal is directed to retain the sealed summons and a copy of the amended complaint in their file for future use.

4.  The United States Marshal shall file returned waivers of service of summons as well as any requests for waivers that are returned as undelivered as soon as they are received.

5.  If a waiver of service of summons is not returned by a defendant within sixty days from the date of mailing the request for waiver, the United States Marshal shall:

a.  Personally serve process and a copy of this order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C.  § 566(c) and shall command all necessary assistance from the California Department of Corrections and Rehabilitation (CDC) to execute this order.  The United States Marshal shall maintain the confidentiality of all information provided by the CDC pursuant to this order.

b.  Within 10 days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of summons and of the costs subsequently incurred in effecting service on said defendant.  Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and amended complaint and for preparing new USM-285 forms, if required.  Costs of service will be taxed against the personally served defendant in accordance with the provisions of Fed. R. Civ. P. 4(d)(2).

////

1    6. Defendants shall reply to the amended complaint within the time provided by the

2    applicable provisions of Fed. R. Civ. P. 12(a).

3    7. Unless otherwise ordered, all motions to dismiss, motions for summary judgment,

4    motions concerning discovery, motions pursuant to Rules 7, 11, 12, 15, 41, 55, 56, 59 and 60 of

5    the Federal Rules of Civil Procedure, and motions pursuant to Local Rule 11-110 shall be briefed

6    pursuant to Local Rule 78-230(m).  Failure to oppose such a motion timely may be deemed a

7    waiver of opposition to the motion.  Opposition to all other motions need be filed only as

8    directed by the court.

9    8. If plaintiff is released from prison at any time during the pendency of this case, any

10   party may request application of other provisions of Local Rule 78-230 in lieu of Local Rule 78-

11   230(m).  In the absence of a court order granting such a request, the provisions of Local Rule 78-

12   230(m) will govern all motions described in #7 above regardless of plaintiff's custodial status.

13   See Local Rule 1-102(d).

14   9. Pursuant to Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003), plaintiff is

15   advised of the following requirements for opposing a motion to dismiss for failure to exhaust

16   administrative remedies made by defendant pursuant to non-enumerated Rule 12(b) of the

17   Federal Rules of Civil Procedure.  Such a motion is a request for dismissal of unexhausted

18   claims without prejudice.  The defendant may submit affidavits or declarations under penalty of

19   perjury and admissible documentation to support the motion to dismiss.  To oppose the motion,

20   plaintiff may likewise file declarations under penalty of perjury and admissible documentation.

21   Plaintiff may rely upon statements made under the penalty of perjury in the complaint if the

22   complaint shows that plaintiff has personal knowledge of the matters stated and plaintiff calls to

23   the court's attention those parts of the complaint upon which plaintiff relies.  Plaintiff may serve

24   and file one or more affidavits or declarations by other persons who have personal knowledge of

25   relevant matters.  Plaintiff may also rely upon written records, but plaintiff must prove that the

26   records are what plaintiff claims they are.  If plaintiff fails to contradict defendant's evidence

with admissible evidence, the court may rely on the defendant's evidence.  In the event both

sides submit matters outside the pleadings, the court may look beyond the pleadings and decide

disputed issues of fact.  If plaintiff does not serve and file a written opposition to the motion, the

court may consider the failure to act as a waiver of opposition to the defendant's motion.  If the

defendant's motion to dismiss, whether opposed or unopposed, is granted, plaintiff's

unexhausted claims will be dismissed without prejudice.

10. Pursuant to *Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1998) (*en banc*), *cert.

denied*, 527 U.S. 1035 (1999), and *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988), plaintiff

is advised of the following requirements for opposing a motion for summary judgment made by

defendants pursuant to Rule 56 of the Federal Rules of Civil Procedure.  Such a motion is a

request for an order for judgment in favor of defendants without trial.  A defendant's motion for

summary judgment will set forth the facts that the defendants contend are not reasonably subject

to dispute and that entitle the defendants to judgment.  To oppose a motion for summary

judgment, plaintiff must show proof of his or her claims.  Plaintiff may do this in one or more of

the following ways.  Plaintiff may rely upon statements made under the penalty of perjury in the

complaint if the complaint shows that plaintiff has personal knowledge of the matters stated and

plaintiff calls to the court's attention those parts of the complaint upon which plaintiff relies.

Plaintiff may serve and file one or more affidavits or declarations setting forth the facts that

plaintiff believes prove plaintiff's claims; the person who signs an affidavit or declaration must

have personal knowledge of the facts stated.  Plaintiff may rely upon written records, but

plaintiff must prove that the records are what plaintiff claims they are.  Plaintiff may rely upon

all or any part of the transcript of one or more depositions, answers to interrogatories, or

admissions obtained in this proceeding.  If plaintiff fails to contradict the defendants' evidence

with counteraffidavits or other admissible evidence, the defendants' evidence may be taken as

the truth and the defendants' motion for summary judgment granted.  If there is some good

reason why such facts are not available to plaintiff when required to oppose a motion for

4

summary judgment, the court will consider a request to postpone considering the defendants'

motion.  If plaintiff does not serve and file a written opposition to the motion or a request to

postpone consideration of the motion, the court may consider the failure to act as a waiver of

opposition to the defendants' motion.  If the defendants' motion for summary judgment, whether

opposed or unopposed, is granted, judgment will be entered for the defendants without a trial and

the case will be closed.

11.  A motion or opposition supported by unsigned affidavits or declarations will be

stricken.

12.  Each party shall keep the court informed of a current address at all times while the

action is pending.  Any change of address must be reported promptly to the court in a separate

document captioned for this case and entitled "Notice of Change of Address."  A notice of

change of address must be properly served on other parties.  Pursuant to Local Rule 83-182(f),

service of documents at the record address of a party is fully effective.  Failure to inform the

court of a change of address may result in the imposition of sanctions including dismissal of the

action.

13.  The Clerk of the Court shall serve upon plaintiff a copy of the Local Rules of Court.

14.  The failure of any party to comply with this order, the Federal Rules of Civil

Procedure, or the Local Rules of Court may result in the imposition of sanctions including, but

not limited to, dismissal of the action or entry of default.

DATED: September 25, 2006.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

/mp
watt1844.order directing svc