IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TIMOTHY WATTS,

        Plaintiff,                        No. CIV S-05-1844 MCE EFB P

    vs.

JEANNE WOODFORD, et al.,

        Defendants.                  FINDINGS AND RECOMMENDATIONS

_____/

       Plaintiff is a prisoner without counsel seeking relief for alleged civil rights violations. *See* 42 U.S.C. § 1983, 42 U.S.C. §§ 12131 - 12164, 29 U.S.C. § 794.  This action proceeds on the August 15, 2006, amended complaint in which he alleges that defendants have violated his rights by housing him with a cellmate knowing that plaintiff has a mental heath problem which, in the past, has resulted in plaintiff committing acts of violence against a cellmate.

       Plaintiff moves for an order directing defendants to house him without a cellmate.  For the reasons explained below, the court finds that plaintiff is not entitled to the relief he seeks.

////

////

////

////

1

A preliminary injunction represents the exercise of a very far reaching power never to be indulged except in a case clearly warranting it, *Dymo Indus. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir. 1964), and therefore will not issue unless necessary because threatened injury would impair the court's ability to grant effective relief in a pending action. *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984); *Gon v. First State Ins. Co.*, 871 F.2d 863 (9th Cir. 1989).

To prevail upon an application for a prohibitory preliminary injunction, plaintiff must demonstrate either probable success on the merits and the possibility of irreparable injury, or serious questions regarding the merits of his claims and a balance of hardships tipping sharply in his favor. *Miss Universe, Inc. v. Flesher*, 605 F.2d 1130, 1134 (9th Cir. 1979). If the balance of harm tips decidedly toward the plaintiff, then the plaintiff need not show as robust a likelihood of success on the merits as when the balance tips less decidedly. *Benda v. Grand Lodge of the International Association of Machinists*, 584 F.2d 308, 315 (9th Cir. 1978). The threatened injury must be immediate. *Los Angeles Memorial Coliseum Comm'n v. National Football League*, 634 F.2d 1197, 1201 (9th Cir. 1980). Because the remedy is equitable in nature, there must be no adequate remedy at law. *Stanley v. University of S. Cal.*, 13 F.3d 1313, 1320 (9th Cir. 1994). If the relief sought is mandatory rather than prohibitory, the balance must more clearly favor the applicant. *Dahl v. HEM Pharm. Corp.*, 7 F.3d 1399, 1403 (9th Cir. 1993). The Local Rules of this Court require a plaintiff seeking a preliminary injunction to submit affidavits in support of the question of irreparable injury. L. R. 65-231(d)(2).

Here, plaintiff has failed to show that he is likely to prevail on the merits. Moreover, assuming that he has at least raised serious questions going to the merits, he has not demonstrated that the balance of relative hardships sharply tips in favor of granting preliminary injunctive relief. Indeed, weighing the relative hardships, the court finds that plaintiff has not shown a threat of irreparable harm. He alleges that in 1991, he attacked his cellmate as a result of his mental health condition and that thereafter, prison officials did not house him with another

prisoner for more than 90 days.  According to the complaint, for stretches of at least eight months at a time, plaintiff had no cellmate.  Plaintiff further alleges that in 1995, a psychiatrist recommended psychotherapy and transfer to a medical facility.  He also claims that on October 10, 2001, a psychiatrist recommended that plaintiff be housed alone at least until a compatible cellmate was found, and that in February of 2003, prison physicians recommended that plaintiff be housed alone in part because of a knee injury and in part because of mental health concerns.  At the end of 2003, according to the complaint, a psychiatrist recommended that plaintiff continue with single-cell status for at least six months.  However, on February 13, 2004, an Institutional Classification Committee made up of corrections staff rather than physicians or mental health professionals decided to revoke plaintiff's single cell status.

Although plaintiff alleges that having a cellmate will cause him irreparable harm in that his mental health status will deteriorate, he has provided no evidence in this regard.  He has not submitted any affidavits or medical records from mental heath staff who have treated him in the past or who currently are treating him.  Without such evidence, the court has no basis for granting the relief plaintiff seeks.

Because plaintiff has not demonstrated a combination of either probable success on the merits and the possibility of irreparable injury, or that serious questions have been raised regarding the merits of his claims and that the balance of relative hardships tips sharply in his favor, he has not met his burden on the instant motion.

For the foregoing reasons, it is hereby RECOMMENDED that plaintiff's August 15, 2006, motion for a temporary restraining order and a preliminary injunction be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the

1  specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158

2  F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

3  Dated: August 23, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE