1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   TIMOTHY WATTS,

11             Plaintiff,              No. CIV S-05-1844 MCE EFB P

12        vs.

13   KERNAN, et al.,

14             Defendants.             FINDINGS AND RECOMMENDATIONS

15   _____/

16        Plaintiff is a prisoner without counsel seeking relief for alleged civil rights violations.

17   *See* 42 U.S.C. § 1983.  Pending before the court is defendants' motion to dismiss this action for

18   plaintiff's failure to state a claim upon which relief can be granted.  Plaintiff has failed to

19   respond to the motion despite repeated admonitions that he must do so.  Accordingly, for the

20   reasons explained below, the court recommends that this action be dismissed with prejudice for

21   plaintiff's failure to prosecute.

22        The September 26, 2006, order directing that defendants be served with process

23   specifically cautioned plaintiff that if defendants were to file a motion pursuant to Rule 12 of the

24   Federal Rules of Civil Procedure, he must timely respond, and that failure to do so could be

25   deemed a waiver of any opposition thereto.  The court also admonished plaintiff that the failure

26   to obey this court's rules or orders could result in a recommendation that this action be

1

dismissed.  In order to assist plaintiff prosecute this action without counsel, the Clerk of the Court provided plaintiff with a copy of the Local Rules of this Court.  Thereafter, on December 1, 2006, all defendants moved to dismiss this action upon the ground plaintiff fails to state a claim upon which relief can be granted.  *See* Fed. R. Civ. P. 12(b)(6).  On January 19, 2007, the court informed plaintiff that failure to file a written opposition or a statement of no opposition may be deemed a waiver of any opposition to the motion, gave plaintiff 20 days to file an opposition or statement of non-opposition and warned him that failure to do so could result in dismissal.  *See* Fed. R. Civ. P. 41(b).

On February 23, 2007, plaintiff requested an extension of time to comply with this order, and on March 1, 2007, that request was granted.  However, plaintiff again failed to timely file an opposition or a statement of no opposition.  On April 27, 2007, the court again warned plaintiff that he must either file an opposition or a statement of no opposition to the motion to dismiss and gave him 20 additional days to do so.  Plaintiff failed to comply with that order as well, and on June 29, 2007, the court issued findings and recommendations that this action be dismissed without prejudice.  Plaintiff filed objections on August 6, 2007.  On August 22, 2007, the court vacated the findings and recommendations and gave plaintiff yet another 30 days to file an opposition or a statement of no opposition to the motion to dismiss.  That deadline, too, was ignored.

The court finds that plaintiff repeatedly has failed to comply with this court's orders and rules, and has failed diligently to prosecute this action.

Federal Rule of Civil Procedure 41(b) provides:

> **Involuntary Dismissal: Effect Thereof.**  For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant.  Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

////

1    Although cases should be disposed of on their merits, plaintiff is responsible for moving

2    his case towards that disposition, *see Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th

3    Cir. 1991), and the court's inherent power to dismiss an action for a plaintiff's failure to do so

4    "cannot seriously be doubted."  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962)

5    (condoning *sua sponte* dismissal with prejudice for failure to prosecute).

6    In considering whether dismissal is the appropriate sanction, however, a court must

7    weigh five factors: (1) the public interest in expeditious resolution of litigation; (2) the court's

8    need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy

9    favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.

10   *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (district court did not abuse discretion

11   by *sua sponte* dismissing habeas petition for failure to prosecute and for disobeying court order).

12   Dismissal is proper when at least four factors support dismissal or where at least three

13   factors "strongly" support dismissal.  *See Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th

14   Cir. 1998).

15   The first two factors, the public interest in expeditious resolution of litigation and the

16   court's need to manage its docket, always weigh in favor of dismissal.  *See Malone v. United*

17   *States Postal Service*, 833 F.2d 128, 131 (9th Cir. 1987).  Dismissal is also warranted under the

18   third factor because plaintiff's repeated failure to respond to defendants' motion filed more than

19   eight months ago unreasonably has delayed this action,  presumptively prejudicing defendants.

20   *See Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986) ("Unreasonable delay creates a

21   presumption of injury to the defense.").  Courts often decide that dismissal is improper under the

22   fourth factor, the public policy favoring disposition of cases on their merits, because the policy is

23   strong.  *Dahl v. City of Huntington Beach*, 84 F.3d 363, 366 (9th Cir. 1996).  In this case,

24   however, plaintiff's recalcitrance makes it impossible to reach the merits.  *See Valley Engineers,*

25   *Inc., v. Electrical Engineering*, 158 F.3d 1051, 1056-57 (9th Cir. 1998).

26   ////

The fifth factor requires the court identify and consider less drastic sanctions, including a warning, fine or imposition of costs or fees.  Warning a plaintiff that failure to take steps towards resolution of his action on the merits will result in dismissal satisfies the requirement the court consider the alternatives.  *See Buss v. Western Airlines, Inc.*, 738 F.2d 1053, 1054 (9th Cir. 1984), *cert. denied*, 469 U.S. 1192 (1985); *Titus v. Mercedes Benz of North America*, 695 F.2d 746, 749 n.6 (3d Cir. 1982).  Here, the court has warned plaintiff three times that his failure to take steps necessary to resolve this action on the merits may result in dismissal of his action.  Furthermore, imposing fines or attorney fees would be wholly impracticable because plaintiff proceeds *pro se* and *in forma pauperis*.  Thus, the only alternatives to dismissal left untried are infeasible.

The court concludes that each of the five factors weigh in favor of dismissal.

Accordingly, it hereby is RECOMMENDED that this action be dismissed with prejudice for failure to prosecute.  Fed. R. Civ. P. 41(b).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated:  October 12, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4